UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HANNAH BINKS,<br><br>        Plaintiff,<br><br>v.<br><br>US TECH SOLUTIONS,<br><br>        Defendant. | Case No. 20–cv–02969–KM–ESK<br><br>OPINION AND ORDER |

**KIEL**, **U.S.M.J.**

    **THIS MATTER** is before the Court on the motion of defendant U.S. Tech Solutions, Inc., improperly pleaded as "US Tech Solutions," (Tech Solutions) to dismiss for improper venue pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(3) (Motion).[1]  (ECF No. 6.)  Plaintiff Hannah Binks opposes the Motion. (ECF No. 10.)  For the following reasons, the Motion is **DENIED**.  However, in lieu of dismissal, this case will be transferred to the United States District Court for the District of South Carolina for further proceedings.

## BACKGROUND

    On March 17, 2020, Binks filed a complaint against Tech Solutions, a former employer, asserting employment discrimination claims under Title VII and the New Jersey Law Against Discrimination (LAD).  (ECF No. 1.)  The complaint alleges that Tech Solutions "discriminated against [Binks] [by] terminating her employment … 6 days after … [Tech Solutions'] customer, Boeing Aircraft, no longer wanted [Binks] on site at Boeing Charleston[, South Carolina] because she is transgender." (*Id.* p. 1.)

---

[1] The notice of motion describes the Motion as a "motion … for an Order to transfer venue[.]"  (ECF No 6 p. 1.)  However, Tech Solutions' moving brief argues that dismissal is warranted because venue is improper.  (ECF No. 6-1 p. 4.)

Tech Solutions is a global information technology services and workforce solutions management company incorporated in New Jersey. (ECF No. 6-5 ¶ 2.) It provides its customers with temporary workers under contingent employment agreements. (*Id.* ¶ 5.) At all times relevant to this matter, Boeing Aircraft (Boeing) was a Tech Solutions client. (*Id.* ¶ 4.) Tech Solutions is the sole defendant in this action. (ECF No. 1.) The complaint neither names Boeing as a party nor characterizes Boeing as Binks's former employer. (*Id.*)

Tech Solutions hired Binks in August of 2019. (*Id.* ¶ 9.) Binks reported to work at Boeing in Charleston, South Carolina (Boeing Charleston) on August 12. (*Id.* ¶ 10.) When Binks arrived at Boeing Charleston, Boeing's manager told Binks he "was expecting a woman." (*Id.* ¶ 11.) For reasons not specified in the complaint, Binks then requested two separate days off and travelled to Maryland.[2] (*Id.* ¶¶ 12–15.) When Binks returned on or after August 20, Binks was "called into an office [and] told to leave[.]" (*Id.* ¶ 15.) Binks's manager said he "did not want [Binks's] kind in Charleston." (*Id.* ¶ 16.) Binks was then "escorted out in front of … co-workers and peers." (*Id.* ¶ 18.) When Binks contacted Tech Solutions, Binks's employment was "immediately terminated." (*Id.* ¶¶ 19–20.) Binks filed a grievance with the United States Equal Employment Opportunity Commission, which issued a right to sue letter. (*Id.* ¶ 5.)

## LEGAL ANALYSIS AND DISCUSSION

Tech Solutions seeks dismissal for improper venue pursuant to Rule 12(b)(3). (ECF No. 6-1 p. 9.) Alternatively, it requests transfer from the District of New Jersey to the District of South Carolina "pursuant to 28 U.S.C. §§ 1406(a) or 1404(a)." (*Id.* pp. 6, 12, 14.) Tech Solutions contends that venue in New Jersey is improper since, under 42 U.S.C. § 2000e-5(f)(3), South Carolina is where the alleged unlawful employment practices occurred, where Binks's relevant employment records are maintained and administered, and where Binks would have continued working but

---

[2] Binks is a citizen and resident of Maryland. (ECF No. 1 ¶¶ 1, 6.)

for the termination. (*Id.* pp. 11–12.) I agree that this case is not properly venued in New Jersey.

"Title VII contains its own venue provision." *Sandler v. Donley*, No. 09-06257, 2011 WL 2293327, at *2 (D.N.J. June 8, 2011) (citing 42 U.S.C. §2000e-5(f)(3)). "Title VII's venue provision is 'mandatory and well-settled, thereby rendering other general venue statutes inapplicable.'" *Id.* (quoting *Vincent v. Woods Servs.* No. 08-01007, 2008 WL 939190, at *1 (D.N.J. Apr. 4, 2008)). Title VII actions should be venued: (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed[;]" (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered[;]" or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" *See* 42 U.S.C. §2000e-5(f)(3). The venue statute contains a backstop provision: "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has [its] principal office." *Id.*

Under 42 U.S.C. §2000e-5(f)(3)'s first venue option, I find that Binks has not established that the alleged unlawful employment practice occurred in New Jersey. As set forth in the June 25, 2020, Declaration of Mark Stockton, Director and Senior Engineer at Boeing, "Boeing terminated [Binks's] temporary assignment at [Boeing Charleston]. The decision to terminate [Binks's] … assignment—in conjunction with [Tech Solutions]—was made in North Charleston, South Carolina."[3] (ECF No. 6-4 ¶¶ 13–14.) Stockton also declares that "[Binks's] assigned work location was at all times 5400 International Boulevard, North Charleston, South Carolina." (*Id.* ¶ 5.) Similarly, according to the June 25, 2020, Declaration of Meghna Bhattacharya, Senior Vice President of Human Resources & Operations for Tech Solutions, Binks "never worked for [Tech Solutions] or Boeing in New Jersey." (ECF No. 6-5 ¶ 7.) Tech Solutions has demonstrated that the decision to terminate Binks

---

[3] Boeing advised Tech Solutions of "[Boeing's] decision to terminate [Binks's] temporary assignment due to attendance issues." (ECF No. 6-5 ¶ 8.)

was made in South Carolina, and that Binks only worked in South Carolina while employed with Tech Solutions.

In opposition to the Motion, Binks argues that New Jersey is "[t]he location of [Tech Solutions] and its employee[]s that made the decision to end my employment[.]" (ECF No. 10 p. 1.) However, Binks's two-page opposition consists of a series of unsworn statements without reference to any proofs that would otherwise render venue in New Jersey proper. (*Id.*) Conversely, Tech Solutions has presented two declarations establishing that the decision to terminate Binks was made by Boeing and Tech Solutions in South Carolina, and that Binks worked for Tech Solutions exclusively in South Carolina. (ECF Nos. 6-4 and 6-5.) Since Binks in opposition has failed to refute the sworn statements set forth in those declarations, I cannot conclude that Binks sustained an unlawful employment practice in New Jersey, as the complaint alleges. *See Bockman v. First Am. Mktg. Corp.*, 459 F.App'x 157, 158 n.1 (3d Cir. 2012) (on a motion to dismiss pursuant to Rule 12(b)(3), courts will accept only the "well pled" allegations in the complaint, "unless contradicted by the defendants' affidavits"). In addition, Binks's own pleading identifies instances wherein Binks was subjected to "embarrassing" and "humiliating" discriminatory remarks. (ECF No. 1 ¶¶ 11, 15, 16, 17, 18, 21.) These alleged instances occurred in Boeing Charleston in South Carolina. (*Id.*) Accordingly, "[b]ecause there is no evidence that the wrongful employment practice was committed in New Jersey, [Binks] cannot establish venue in New Jersey under the first Title VII venue option." *de Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265, 268 (D.N.J. 2001).

Under 42 U.S.C. §2000e-5(f)(3)'s second venue option, I find that the employment records relevant to Binks's claims are administered and maintained in South Carolina. The Stockton Declaration represents that "[Binks's] temporary assignment and Boeing-related records, as well as documents related to the decision to terminate the assignment of [Binks], were exclusively created and accessed on Boeing's electronic systems located in North Charleston, South Carolina." (ECF No. 6-4 ¶ 8.) While Binks's opposition states that the relevant "employment records are believed to be in New Jersey" (ECF No. 10 p.1), Binks's suppositions as to the

4

presumed whereabouts of the relevant records, without more, cannot overcome the Stockton Declaration's sworn testimony that the electronic systems for those records are located in South Carolina.[4]

Under 42 U.S.C. §2000e-5(f)(3)'s third venue option[5], I find that Binks "would have [principally] worked in [South Carolina] but for the unlawful employment practice alleged[.]"  42 U.S.C. §2000e-5(f)(3).  "[T]he use of the article 'the' rather than 'a' strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take" that individual.  *James v. Booz-Allen & Hamilton, Inc.*, 227 F.Supp.2d 16, 23 (D.D.C. 2002).  The Stockton Declaration states that Binks's temporary assignment "would have continued at [Boeing Charleston] … if [Binks] was not terminated due to [Binks's] poor attendance."  (ECF No. 6-4 ¶15.)  Similarly, the Bhattacharya Declaration states that Binks's assignment "would have continued at [Boeing Charleston] if [the assignment] was not terminated due to [Binks's] poor attendance."  (ECF No. 6-5 ¶9.)  Binks's opposition does not address Title VII's third venue option.  Accordingly, I find that Binks would have continued working at Boeing Charleston in South Carolina but for Binks's termination.

As explained by the Third Circuit, "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper [whereas] Section 1406 … applies where the original venue is improper and provides for either transfer or dismissal of the case."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.

---

[4] *See Enoh v. Hewlett Packard Enter. Co.*, No. 17-04212, 2018 WL 3377547, at *9 (N.D. Cal. July 11, 2018) ("when employment records are maintained and administered electronically, courts have held that the location of the server establishes the location of the records under section 2000e-5(f)(3)").

[5] Since I find that South Carolina satisfies prongs one, two, or three of 42 U.S.C. §2000e-5(f)(3), I need not address prong four.  *See Johnson v. Deloitte Servs., LLP*, 939 F.Supp.2d 1, 5 (D.D.C. 2013) ("The statute only authorizes suit in the district where the respondent has its principal office if respondent is not found within any of the districts where venue is proper under the other three prongs.").

5

1995).[6]  Section 1406(a)'s "transfer provision is designed to preserve claims that rigid application of dismissal rules may bar." *Lafferty v. St. Riel*, 495 F.3d 72, 79 (3d Cir. 2007) (citation omitted).  "Transfer is generally more in the interest of justice than dismissal." *Boily v. Walt Disney World Co.*, No. 08-04967, 2009 WL 1228463, at *8 (D.N.J. May 1, 2009) (citation omitted); *see also Bockman*, 459 F.App'x at 162 n.11 (holding that transfer in lieu of dismissal is generally appropriate to avoid penalizing a plaintiff by time-consuming and justice-defeating technicalities).  "A [c]ourt transferring venue under [Section 1406] must simply determine a venue in which the action originally could have been brought that serves the interest of justice." *de Rojas*, 204 F.R.D. at 269.

In light of the foregoing authority, I find that the interests of justice warrant transfer of this matter pursuant to 28 U.S.C. § 1406(a), in lieu of dismissal under Rule 12(b)(3).  The District of South Carolina qualifies as a venue in which the action originally could have been brought.  Binks was subjected to alleged unlawful employment practices in South Carolina.  The employment records relevant to Binks's claims are maintained and administered in South Carolina.  But for Binks's termination, Binks would have continued working in South Carolina.  Furthermore, it would be burdensome and inconvenient to dismiss the complaint only for Binks to refile in South Carolina.  Binks should not be penalized by time-consuming and justice-defeating technicalities.  *Bockman*, 459 F.App'x at 162 n.11.  Tech Solutions acknowledges that, "[s]hould the Court conclude that dismissal is not appropriate, then transferring this case to the District of South Carolina pursuant to 28 U.S.C. § 1406(a) would be in the 'interests of justice' and appropriate."  (ECF No. 6-1 p.6.)

---

[6] "For the convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district … where it might have been brought or to any district … to which all parties have consented."  28 U.S.C. § 1404(a).  "The district court of a district in which is filed a case laying venue in the wrong … district shall dismiss, or if it be in the interest of justice, transfer such case to any district … in which it could have been brought."  28 U.S.C. § 1406(a).

## **CONCLUSION**

Accordingly, and for the reasons stated above,

**IT IS** on this   **12th** day of **November 2020**   **ORDERED** that:

1. Defendant Tech Solutions' Motion (**ECF No. 6**) is **DENIED** to the extent it seeks dismissal of this matter.

2. This case shall be **TRANSFERRED** to the United States District Court for the District of South Carolina for further proceedings.

3. The Clerk of the Court will take no action on the transfer of this case for **fourteen days** from the entry of this Opinion and Order, pursuant to Local Civil Rule 72.1(c)(1)(C).

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**